IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TARA L. ALLSHOUSE,                )
                                  )
            Plaintiff,            )
                                  )
      vs.                         )  Civil Action No. 12-1675
                                  )
MICHAEL J. ASTRUE,                )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
            Defendant.            )

O R D E R

AND NOW, this 17th day of April, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., and child's insurance benefits under 42 U.S.C. §§402(d), 404.350-404.368, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported

1

by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

In her argument that the Administrative Law Judge ("ALJ") erred in finding that Plaintiff is not disabled under the Social Security Act, Plaintiff's counsel inexplicably ignores the fact that the vast majority of the evidence to which she cites was not before the ALJ when he rendered his decision on February 11, 2011. For instance, she complains that the ALJ failed to acknowledge 10 of the 11 Global Assessment of Functioning ("GAF") scores assigned to her by various healthcare providers. However, she does not acknowledge that only one GAF score was actually part of the record at the time of the ALJ's decision and that the ALJ did, indeed, discuss that score. Likewise, she challenges the ALJ's findings regarding her ability to get along with others because the ALJ did not address events that happened well after the decision was issued and that were, therefore, obviously not addressed in the record before the ALJ, such as her losing her job in September of 2011 and her arrest for disorderly conduct, resisting arrest, and terroristic threats in April of 2012. (R. 489, 527-28). In fact, most of the medical evidence in this case was submitted not to the ALJ, but to the Appeals Council months later.

It is well-established that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001); Chandler v. Commissioner of Soc. Sec., 667 F.3d 356, 360 (3d Cir. 2011). Accordingly, the Court cannot rely on the additional documents to which counsel cites in making its determination here. Based on the record before the ALJ at the time he issued his decision, there is no question that substantial evidence supported his finding that Plaintiff was not disabled.

However, a district court can remand a case on the basis of new evidence under sentence six of 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

Although Plaintiff has not asked this Court for a remand based on new evidence, even if she had, the Court would deny the request because Plaintiff has failed to meet her burden to prove that such a remand is warranted. To remand a case based on new evidence which has not been presented to the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable

2

possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. See Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984).

Because the majority of the records at issue do not appear to have been included in the record before the ALJ, the Court will assume that these records are new and not merely cumulative of what is in the record. Some of the records, particularly those contained in Exhibit 12F and the vast majority contained in Exhibits 13F and 14F, are from well after the date the ALJ issued his decision and are therefore clearly not material, since they do not relate to the relevant time period. See Szubak, 745 F.2d at 833 ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition."); Rainey v. Astrue, 2012 WL 3779167, at *8 (W.D. Pa. Aug. 31, 2012); Harkins v. Astrue, 2011 WL 778403, at *1 n.1 (W.D. Pa. Mar. 1, 2011). Several of the records are from the relevant time period, specifically those contained in Exhibits 9F, 10F, and 11F, and a very small portion of Exhibits 13F and 14F. However, it does not appear that there is a reasonable possibility that any of this evidence would have changed the outcome of the determination here. The ALJ already included numerous limitations in Plaintiff's residual functional capacity based on her mental impairments, and it is unclear what additional limitations would have been warranted based on the additional evidence relating to the relevant time period. Nonetheless, the Court does note that this new evidence does contain some information, such as GAF scores, that the ALJ likely would have had to discuss had they been included in the record.

Regardless, even if the Court were to find any of the new evidence to be material, Plaintiff has made no attempt to show good cause for failing to incorporate the documents into the administrative record prior to the ALJ's decision. These documents were obviously available, and, indeed, there is no apparent reason why Plaintiff did not submit them to the ALJ. Indeed, the problem, according to Plaintiff's own attorney at the time of the hearing, was that Plaintiff failed to work with her attorneys to execute the release forms needed to get the material. (R. 30-31). The ALJ provided Plaintiff with 15 days to get the materials to him, and even stated that he would provide the Plaintiff with more time if necessary. (Id.). However, Plaintiff neither provided the material within the time period nor requested additional time. The ALJ waited approximately a month to issue his decision. It was not until months later that Plaintiff provided to the Appeals Council Exhibit 9F, which contained the first batch of information she now deems material. The additional exhibits were not submitted until a year and a half after the ALJ's decision. Accordingly, even assuming these materials were material, a new evidence remand is not warranted.

Despite the fact that Plaintiff was incredibly negligent in providing evidence to the ALJ, counsel goes on to accuse the ALJ of failing to develop the record fully. The Court finds counsel's attempt to deflect the blame for the state of the record to the ALJ to be frivolous. It is true that an ALJ has a duty to develop a full and fair record in a social security case. See Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995); Carmichael v. Barnhart, 104 Fed. Appx. 803, 805 (3d Cir. 2004). However, in this case, the ALJ clearly fulfilled this duty. Plaintiff's prior counsel acknowledged at the hearing that what evidence was in the record at the time had been obtained by the Social Security Administration. (R. 30). The ALJ not only

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 13) is DENIED and defendant's Motion for Summary Judgment (document No. 15) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

obtained medical records, but also several opinions regarding Plaintiff's residual functional capacity and restrictions, including one from her treating neurologist, Dr. Elliott Michel. Moreover, as discussed above, the ALJ provided Plaintiff with additional time to submit more evidence, but she failed to do so in a timely manner. As the Court also discussed above, it was Plaintiff's failure to work with her attorneys, and not the ALJ, that caused evidence to be unavailable by the time of the decision. Counsel's arguments that the ALJ should have obtained additional opinion evidence based on information that Plaintiff had not yet submitted deserves no further comment.